

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXXcRID
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Sam A. Hough, Jr.
County Attorney
Rocksprings, Texas

Dear Sir:

Opinion No. O-2861
Re: Whether county tax assessor and
collector, also acting as such
for Vance Independent School
District which has less than 150
scholastics, must require payment
of the school district taxes along
with county and State taxes.

In your letter of December 14, 1940, you request our opinion in response to the question as to whether the tax collectors of Edwards and Real Counties must require the payment of taxes due the Vance Independent School District as a condition to their payment of county and State taxes. You advise us that the following are the pertinent facts:

The District was created by special act of the Legislature in 1921 (Special Laws, 37th Leg., Ch. 56, p. 157), is located on the line of Real and Edwards Counties, has less than 150 scholastics, and its taxes are assessed and collected by the assessors and collectors of the two counties. The collectors do not make a separate column on the county and State tax rolls, showing in separate figures to each individual taxpayer the amount of school taxes he pays to each school district, including the Vance District. Sections 2 and 3 of the Act creating the district reads as follows:

"Sec. 2. The management and control of the public free schools of the Vance Independent School District as created by this Act is hereby vested in a board of five trustees, to be elected in accordance with the laws of the State of Texas, in such cases made and provided; provided that the present Board of Trustees of the Vance Common School District shall continue to serve as trustee of the district created by this Act until the next regular trustee election in April 1921.

"Sec. 3. The Vance Independent School District as created by this Act shall have and exercise and is hereby vested with all the rights, powers, privileges and duties of a town or village incorporated under the general laws of the State of Texas for free school purposes only, and the Board of Trustees of said Vance Independent School

> District shall have and exercise and are hereby vested
> and charged with all the rights, powers, privileges and
> duties conferred and imposed by the General Laws of
> this State upon the trustees under the general laws of
> Texas for free school purposes only."

It seems evident from the above that there is no difference between this district and one created under general laws, so far as the question you ask is concerned.

In 1913, Assistant Attorney General W. A. Keeling wrote that "if the county tax collector also collects for the district (independent), it would be his duty to demand full payment of taxes, both district, county and state." (p. 649, Attorney General's Reports, 1912-1914.) C. L. Stone, Assistant Attorney General, expressed the same view in 1926. (Vol. 279, Letter Opinions, p. 889). In 1929, Assistant Attorney General Whitehurst advised "that where there is a separate tax roll for the independent school district kept by the tax collector of a county, it is not necessary for the collector to collect the taxes for the independent school district at the same time that the county and state taxes are collected, but that where the taxes are assessed and collected by the county tax assessor and the county tax collector, the same rule applies that is enunciated in the opinion of the Attorney General in 1913." (Vol. 300, Letter Opinions, p. 456).

It was said by the Supreme Court in Richey vs. Moor, 249 S.W. 172, that "the citizen always has the right to pay the amount of any one tax listed against him." While the quoted language was dicta it is apparently the general rule in the absence of legislation expressly or impliedly making a different one. Section 61, C.J. 966, and cases cited in footnote 37; Cooley on Taxation, 4th Ed., Sec. 1253, p. 2492; Howell vs. Lamberson, 231 S.W. 872, Arkansas Supreme Court.

In the last cited cases, the county collector refused to accept payment of state and county taxes without payment at the same time of drainage and road improvement taxes. Under the Arkansas statutes he was required to collect the installments of road improvement district taxes at the time he collected the general taxes and a penalty was prescribed for failure to do so. From the opinion, holding that he could not refuse to accept the county and state taxes even though not accompanied by payment of the other tax, we quote:

> "In the absence of a statute to the contrary,
> a taxpayer always has the right to pay the amount of
> any one tax listed against his land while refusing
> to pay other taxes listed separately against it.
> Cooley on Taxation (3d Ed.) vol. 2, pp. 808 and 809;
> 37 Cyc. p. 1164.

". . . Under the terms of the statute, the collect-
or could not refuse to accept a voluntary payment of the
general taxes because the landowner wished to contest the
payment of his improvement taxes and on that account re-
fused to pay the same. The language of the statute is in
no sense directed against the landowner, and his right to
pay his general taxes without paying the improvement taxes
cannot be taken away by any supposed intendment on the part
of the Legislature. Such a right is a valuable one to the
landowner and could in no event be taken awas without di-
rect and express language to that effect on the part of
the Legislature."

You have called our attention to Article 2763, Revised Civil Stat-
utes, providing that "all incorporated districts, having each fewer than
150 scholastics according to the latest census, shall be governed in the
general administration of their schools by the laws which apply to com-
mon school districts." However, we do not believe that this statute has
anything to do with the levy of such a district's taxes, but that such
levy must be made by the trustees of the district. Article 2784, Revised
Civil Statutes, provides power for the trustees of independent school dis-
tricts generally "to levy and cause to be collected the annual taxes and
to issue bonds" as therein authorized. Again, Article 2790, Revised Civil
Statutes, provides for the boards of trustees of independent school dis-
tricts generally to annually levy and cause to be assessed and collected
a maintenance tax. Then Article 2796, Revised Civil Statutes reads:

"The provisions of the twelve preceding articles
relative to tax and bond elections in common school
districts shall also apply to common county line school
districts. The provisions hereof relative to tax and
bond elections in independent school districts shall
apply to any such district incorporated under general
or special laws for school purposes only, and shall
also apply to all such incorporated districts having
each fewer than one hundred and fifty scholastics
according to the latest census."

The tax of the district is thus levied by a different body from
the one levying the State and county taxes, it is collected for the use
of a different corporate body, and for different purposes. In our opin-
ion the district tax is a different one from that levied and collected
for State and county purposes -- unaffected by the fact that a common
assessor and collector is used. To hold that all such taxes collected
by a single collector are in effect but one tax and that in the absence
of permissive legislation the collector must demand and receive payment
of all of them as a condition to the payment of any one would be to
encumber the collection of State and county taxes with the requirement
that the taxes of many other political subdivision be paid. For, Arti-
cle 1042b, Vernon's Civil Statutes, authorizes "any incorporated city,

town, or village, independent school district, common school district, drainage district, water control and improvement district, water improvement district, or navigation district"by resolution or order to require the county tax assessor and collector to also act as such for any such body. There is no express statute requiring the collector to reject the county and State tax without he is also tendered those other taxes, and in our opinion, before the citizen should be denied the privilege of paying some of these taxes without paying all of them, there should be express legislation to that effect or the implication should be very plain.

We have considered Article 7336e, Vernon's Civil Statutes, which purports to authorize the payment of school district taxes in advance of the payment of other taxes where the same are "collectable from the same roll with any other tax." Doubtless the Legislature enacted this statute in light of the Whitehurst opinion, which in our view was erroneous. In other words, it is our thought that this statute legalizednothing that was not already legal. In effect it but partially declared already existing rights. We have also considered Article 7328-1, Vernon's Civil Statutes, by the Forty-sixth Legislature, simplifying the petition and citation in delinquent tax suits, and note that the form of approved petition commences "The State of Texas . . . brings this suit in behalf of itself, _____ County, and for the use and benefit of all political subdivisions whose taxes are collected by the Assessor and Collector of taxes for said County." This statute would fit in very well with a requirement for the collection of all -- or none -- of the different taxes at the same time. But, it fits in just as easily with permission for separate collection. And, the provisions of Articles 7345a (pertaining to the transfer of tax liens), 7335, 7335a (employment of attorneys to collect taxes for county and State), 7343 (under this statute independent districts may avail themselves of Articles 7335 and 7335a. Bell vs. Mansfield Independent School District, 129 S.W. (2d) 629), and Article 7345b (Requiring all taxing units to be impleaded), Vernon's Civil Statutes, simply would not square with the requirement for all such taxes to be paid at one and the same time.

In our opinion the proper answer to your question is a negative one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:LM:egw

APPROVED JAN 30, 1941
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS